**LEWIS BRISBOIS BISGAARD & SMITH LLP**
RYAN L. NILSEN, SB# 310642
  E-Mail: Ryan.Nilsen@lewisbrisbois.com
AMY L. FRERICH, SB# 320745
  E-Mail: Amy.Frerich@lewisbrisbois.com
MICHELLE R. GILBOE (*Admitted Pro Hac Vice*)
  E-Mail: Michelle.Gilboe@lewisbrisbois.com
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Defendants, BRASSCRAFT MANUFACTURING COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| HOMESITE INSURANCE COMPANY OF CALIFORNIA,<br><br>  Plaintiff,<br><br>vs.<br><br>BRASSCRAFT MANUFACTURING COMPANY; Does 1 through 10 inclusive,<br><br>  Defendants. | CASE NO. 5:20-cv-01596-JGB-SHK<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>Discovery Matter: Referred to Hon. Magistrate Judge Shashi H. Kewalramani<br><br>Trial Date: November 2, 2021 |

1. INTRODUCTION

   1.1 Purposes and Limitations

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the

4826-1120-0743.1

limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2 Good Cause Statement

The parties submit this Stipulated Protective Order for good cause. This is a subrogation case brought by Plaintiff Homesite Insurance Company of California based on property damage as a result of a water leak that occurred to the home of its insured, Michelle Zuno, on September 15, 2018. Plaintiff alleges the loss was caused by a toilet water supply line designed and manufactured by Defendant BrassCraft Manufacturing Company ("BrassCraft"). BrassCraft denies that its toilet water supply line was defective in any manner, including in its design, manufacture, or warning. The parties anticipate discovery regarding the design and manufacture of the subject product, which will likely lead to the production of design documents and product specifications. Such documents contain confidential and proprietary information regarding the design and manufacture of BrassCraft's products. Public dissemination of this material and information is likely to result in substantial harm to BrassCraft's protected business information, trade secrets, and competitive advantages it holds in the market.

2. DEFINITIONS

The following definitions apply for the purposes of this Order.

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: any document, information, or thing may be designated "Confidential" if the producing party determines in good faith that it contains confidential or proprietary information.

2.3 Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, answers to interrogatories, documents, responses to requests for admissions, tangible things, and informal exchanges of information), that are produced or generated in disclosures or responses to discovery in this matter, whether formally or informally.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 In-House Counsel: attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

3.1 The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, oral, written, or electronic conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. <u>DURATION</u>

4.1 Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Good Faith Basis.</u> If the Designating Party has a good faith belief that the Disclosure or Discovery Information qualifies for protection, the Producing Party

4826-1120-0743.1

4

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

may designate such Disclosure or Discovery Material as "CONFIDENTIAL" Information by marking such material in accordance with subsection 5.2. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins, or above or below the subject portion.)

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly

identify the protected portion(s) (e.g., by making appropriate markings in the margins or above or below the subject portion.)

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify all protected testimony within (30) days of receipt of the transcript of the deposition, hearing, or other proceeding.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality within (30) days after receipt of the document containing the designation of confidentiality.

6.2    <u>Meet and Confer</u>.  The Challenging Party will initiate the dispute resolution process (and, if necessary, request a telephonic hearing and file a discovery motion) under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived

4826-1120-0743.1

6

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     Potential or actual witnesses in this action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement

to be Bound" (Exhibit A). During their depositions, witnesses in this action to whom disclosure is reasonably necessary may receive a copy of documents containing Protected Material during the deposition and for the purpose of reviewing their transcript, but may not retain a copy;

(e) the Court and its personnel;

(f) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

8.1 If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this

4826-1120-0743.1

8

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1 (a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the

discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

10.1 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

11.1 When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any

person to seek its modification by the court in the future.

12.2 <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3 <u>Filing Protected Material.</u> A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal pursuant to local rules and procedures is denied by the Court, then the Receiving Party may file the information in the public record pursuant to the local rules and procedures of this Court unless otherwise instructed by the Court.

13. <u>FINAL DISPOSITION</u>

13.1 Unless otherwise agreed or ordered, this Order will remain in force after dismissal or entry of final judgment not subject to further appeal, except with respect to those documents and information that become a matter of public record.

13.2 Within sixty (60) days after the final disposition of this action each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all reproductions, copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any reproductions, copies, abstracts,

4826-1120-0743.1
11
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: May 3, 2021  GROTEFELD, HOFFMAN, GORDON, OCHOA & EVINGER, LLP

By: /s/ Janice M. Seller
Janice M. Seller, Esq.
Attorney for Plaintiff, HOMESITE INSURANCE COMPANY OF CALIFORNIA

DATED: May 3, 2021  LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Michelle R. Gilboe
Ryan L. Nilsen, Esq.
Amy L. Frerich, Esq.
Michelle R. Gilboe, Esq.
Attorneys for Defendant, BRASSCRAFT MANUFACTURING COMPANY

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

# Exhibit "A"

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

**[ATTACH FULLY EXECUTED STIPULATED PROTECTIVE ORDER TO THIS AFFIDAVIT]**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMESITE INSURANCE COMPANY OF CALIFORNIA,<br><br>   Plaintiff,<br><br>  vs.<br><br>BRASSCRAFT MANUFACTURING COMPANY; Does 1 through 10 inclusive,<br><br>   Defendants. | CASE NO. 5:20-cv-01596-JGB-SHK<br><br>**STIPULATED PROTECTIVE ORDER** |

  I, _____, (insert name of recipient of the documents) declare under penalty of perjury that the following is true and correct:

  1. My full name and business address are:

_____ .

  2. I have read and fully understand the attached Stipulated Protective Order.

  3. I am fully familiar with and agree to comply with and be bound by the provisions of said Stipulated Protective Order, and submit to the jurisdiction of the court in which this matter is pending for any proceedings with respect to said Stipulated Protective Order.

  4, I will not discuss or divulge to persons, other than those specifically authorized by this Stipulated Protective Order, and will not copy or use, except solely for the purposes of this action and for no other purposes, any documents, materials or

information obtained pursuant to said Stipulated Protective Order.

5. Within thirty (30) days from the entry of final judgment, settlement, or dismissal in connection with this action, I agree to return to counsel for producing party or destroy my original copies of all Confidential documents and information received under this Stipulated Protective Order, together with all reproductions, copies, abstracts, summaries, or other writings that contain, reflect, or disclose the substance of the Confidential Information.

EXECUTED this _____ day of _____, 20\_\_\_.


Signature of Declarant: _____



**[PROPOSED] ORDER**

GOOD CAUSE HAVING BEEN SHOWN AND THE PARTIES HAVING STIPULATED TO THE SAME, the Court finds that the above-stated STIPULATED PROTECTIVE ORDER is granted by the Court.

**IT IS SO ORDERED.**

DATED: May 4, 2021

_____
United States Magistrate Judge Shashi H. Kewalramani

# FEDERAL COURT PROOF OF SERVICE

Homesite Insurance Company of California. v. BrassCraft Manufacturing Company, et al
Case No. 5:20-cv-01596-JGB-SHK

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 550 West C Street, Suite 1700, San Diego, CA 92101. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On **May 3, 2021**, I served the following document(s):

**1) STIPULATION AND [PROPOSED] PROTECTIVE ORDER;**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Janice M. Seller, Esq.
**GROTEFELD, HOFFMANN, GORDON, OCHOA & EVINGER, LLP**
5535 Balboa Blvd., #219
Encino, CA 91316
Tel.: 747.233.7145
Fax. 747.233.7143
E-Mail: jseller@ghlaw-llp.com
GZamudio@ghlaw-llp.com

Attorney for **PLAINTIFF, HOMESITE INSURANCE COMPANY OF CALIFORNIA**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on **May 3, 2021**, at San Diego, California.

Erika Munoz



4826-1120-0743.1

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**